UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Effel J. Louis, | ) | C/A No. 3:10-855-JFA-JRM |
|           Plaintiff, | ) | |
| v. | ) | ORDER |
| Smart Choice Title Loan, | ) | |
|           Defendant. | ) | |

Plaintiff, proceeding *pro se*, brings this action against the defendant concerning a contract dispute over a title loan.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the action should be dismissed for lack of federal jurisdiction. Specifically, the Magistrate Judge suggests that this court does not have diversity jurisdiction, nor does it have federal question jurisdiction. With regard to diversity jurisdiction, the Magistrate Judge correctly points out that plaintiff's service document indicates that both the plaintiff and the defendant are residents of South Carolina. With regard to federal question jurisdiction, the Magistrate Judge suggests that there are no facts alleged in the complaint which implicate federal law.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on April 26, 2010. The plaintiff has filed a one-page objection memorandum conceding that the amount of controversy in this action is less than $75,000. Alternatively, the plaintiff suggests that the defendant's headquarters is located in Tampa, Florida. However, even if there exists complete diversity among the parties (that is, the plaintiff is from one state and the defendant from another state), the amount of controversy in this case does not meet or exceed $75,000 as is required under the statute. 28 U.S.C. § 1332(a). Therefore, the court is without jurisdiction to hear this case.

After a careful review of the record, the applicable law, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

July 9, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge